IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09_____

DARLENE J. MCCALMONT and
D. THOMPSON MCCALMONT,
individual residents of California,

      Plaintiffs,

vs.

REAL GOODS SOLAR, INC.,
a Colorado corporation

      Defendant.

---

## COMPLAINT

---

      Plaintiffs Darlene J. McCalmont ("Darlene McCalmont") and D. Thompson McCalmont ("Tom McCalmont") (jointly referred to hereafter as "Plaintiffs"), through their attorneys, assert the following complaint against Real Goods Solar, Inc. ("Defendant"), a Colorado corporation.

### INTRODUCTION

1. This is a Breach of Contract action brought by Plaintiffs, owner and manager of a family owned solar electric system business located in Campbell, California. This action relates to a merger agreement between Plaintiffs and Defendant corporation.

### PARTIES

2. Darlene J. McCalmont is an individual resident of California. She was the sole owner of Regrid Power, Inc.("Regrid"), a California corporation based in Campbell, California,

that engaged in the business of designing and building solar electric systems, solar design software, and remote monitoring systems.

3. D. Thompson McCalmont is an individual resident of California. He managed and operated Regrid with his wife Darlene.

4. Upon information and belief, Real Goods Solar Inc. is a Colorado corporation with its principal place of business in Louisville, Colorado.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant Real Goods Solar, Inc. Defendant is a corporate resident of the State of Colorado and has consented to jurisdiction of this Court in the Agreement and Plan of Merger ("Merger Agreement") that the Defendant entered into with Plaintiffs on October 1, 2008.

6. This Court has subject matter jurisdiction over Defendant pursuant to 28 U.S.C. §1332. Plaintiffs are individual residents of California. Defendant is a corporate resident of Colorado with its principal place of business in Louisville, Colorado. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court under 28 U.S.C. §1391 because Defendant resides and can be found in the State of Colorado.

## COMMON ALLEGATIONS

8. Plaintiffs Darlene and Tom McCalmont owned and operated Regrid Power, Inc., a successful solar electric systems business based in Campbell, California.

9.  Around July of 2007, John Schaefer, CEO of Real Goods Solar, Inc., approached Darlene and Tom about purchasing their business as part of Real Goods Solar Inc.'s expansion plan.

10. During their negotiations, Plaintiffs communicated to Defendant that they would only agree to a merger if Tom McCalmont was to be made CEO of the resulting corporation and Darlene McCalmont the VP of Operations.

11. About a year after the initial contact, the Parties finalized the merger of Regrid Power, Inc. and Real Goods Solar, Inc., and entered into the Merger Agreement on October 1, 2008.

12. The Merger Agreement sets out the process by which Regrid Power, Inc. was to be integrated into Real Goods Solar, Inc., the considerations Plaintiffs were to be given for their business, and the manner in which the resulting entity was to be managed.

13. The Merger Agreement provides several types of merger considerations, including cash consideration, stock consideration, contingent stock consideration, and other additional merger considerations.

14. The Merger Agreement also provides that the Fresno and Campbell offices of the resulting corporation would be operated in substantially the same manner as Plaintiffs operated these offices prior to the merger.

15. After execution of the Merger Agreement, Tom and Darlene McCalmont took post as CEO and VP of Operations respectively.  During the months following the merger, Tom and Darlene worked with the employees of the resulting corporation's various offices to

develop team integration, branding, sales strategy and other business plans. They were well received as experienced and capable leaders.

16. However, while Tom and Darlene upheld their promise to help the merged business grow, it became increasingly evident to them that Defendant was unwilling to continue working with Tom and Darlene.

17. Defendant has materially breached multiple provisions of the Merger Agreement. On that basis, Plaintiffs now seek rescission of the contract, monetary damages resulting from Defendant's breaches, and declaratory judgment regarding their obligations and duties.

## FIRST CLAIM FOR RELIF

### (Breach of Contract – Merger Consideration)

18. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19. The Merger Agreement provides that, promptly after December 1, 2009, Defendant shall pay to Plaintiffs an additional merger consideration in accordance with Section 3.1(d) of the Merger Agreement.

20. All contingencies for payment of the additional merger consideration under Section 3.1(d) have been satisfied.

21. As of the date of this filing, Defendant has yet to make the payment.

22. Defendant is in breach of the Merger Agreement by failing to make payment of the additional merger considerations.

23. As a result of Defendant's breach of its contractual obligations, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Operation of the Business)

24. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25. The Merger Agreement sets forth the Buyer and Seller's agreement regarding the operation of Regrid's business following the completion of the merger.  It provides:

> " From the closing Date through September 30, 2009, Buyer and Seller agree that the Company's Fresno and Campbell offices shall be operated in *substantially the same manner as Seller operated such offices prior to the Closing Date* and Buyer shall not take any action, or fail to take any action, inconsistent with such agreement …" (emphasis added)

26. Regrid consisted of three offices – Fresno, Campbell, and Richmond.  All three offices were made part of Real Goods Solar through the merger.

27. During the negotiations of the Merger Agreement, Plaintiffs communicated to Defendant that Tom and Darlene's leadership is critical to the continuity and business success of the three Regrid offices.

28. On or about September 10, 2009, Defendant caused Plaintiff Tom McCalmont to be terminated from his employment as CEO of the merged company.

29. On or about September 10, 2009, Defendant caused Plaintiff Darlene McCalmont to be terminated from her employment as VP of Operations of the merged company.

30. Defendant's unilateral decision to remove Tom and Darlene McCalmont from their involvement in the operations of the merged company is inconsistent with its promise to operate the Fresno and Campbell offices in substantially the same manner as Seller operated such offices prior to the Closing Date until September 30, 2009.

31. Defendant has breached the Merger Agreement by actively causing disruptions in the operations of the Fresno and Campbell offices.

32. As a result of Defendant's breach of its contractual obligations, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

33. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

34. There exists a dispute, and an actual controversy between Plaintiffs and Defendant as to the allegations stated above.

35. Pursuant to the Declaratory Judgment provisions of 28, U.S.C. §2201 et seq, Plaintiffs request the Court to consider and declare their rights and obligations under the Merger Agreement, including all subsequent amendments thereto, declaring that:

A. Section 3.1(d) of the Merger Agreement requires Defendant to deliver to Plaintiffs additional merger considerations by December 1, 2009.

B. The Merger Agreement requires Defendant to operate the Fresno and Campbell offices in substantially the same manner as Plaintiffs had operated these offices prior to the execution of the Merger Agreement.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract – Representations and Warranties of Buyer)

36. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37. Prior to the Merger Agreement, Regrid maintained a successful business relationship with SunPower Corporation ("SunPower"), a major supplier of solar panels to Regrid and a major source of Regrid's business leads.

38. Upon information and belief, prior to the execution of the Merger Agreement, Defendant was informed by SunPower that it was displeased by Defendant's expansion and that if Defendant continued its expansion by acquiring more companies, it would terminate its supplier relationship with the companies that Defendant acquired.

39. Defendant knew or should have known prior to the Merger Agreement that the continuing relationship with SunPower was critical to Regrid's on-going business even after the merger.

40. In its Representations and Warranties, set forth in the Merger Agreement, Defendant represented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

41. Contrary to this representation, Defendant did not disclose to Plaintiffs that it was informed of SunPower's likelihood to terminate its relationship with Regrid post merger.

42. SunPower terminated all future business relationships with Regrid shortly after the Merger Agreement was announced to the public on or about October 15, 2008.

43. Plaintiffs would not have entered into the Merger Agreement had they known that SunPower was likely to discontinue doing business with Regrid post merger.

44. Due to Defendant's failure to disclose this material fact and breach of its contractual obligations, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF

**(Fraud in the Inducement)**

45. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. Upon information and belief, prior to the execution of the Merger Agreement, Defendant was informed by SunPower Corporation ("SunPower"), a major supplier of solar panels to Regrid and a major source of Regrid's business leads, that it was likely to terminate its supplier relationship with companies that merged with Real Goods Solar.

47. SunPower's communication to Defendant regarding its intention to terminate business relationships with companies that merged with Defendant was a material fact that would have affected Plaintiffs' decision to enter into the Merger Agreement.

48. Rather than disclosing SunPower's intention to terminate business relationships with companies that merged with Defendant, Defendant represented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

49. Upon information and belief, Defendant failed to disclose this material fact and misrepresented that "there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer" to induce Plaintiffs to enter into the Merger Agreement.

50. As a result of Defendant's fraud in the inducement, Plaintiffs entered into the Merger Agreement based on false information and on that basis request rescission of the Merger Agreement.

51. Due to Defendant's fraud in the inducement, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Negligent Misrepresentation)

52. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

53. Upon information and belief, prior to the execution of the Merger Agreement, Defendant was informed by SunPower Corporation ("SunPower"), a major supplier of solar panels to Regrid and a major source of Regrid's business leads, that it was likely to terminate its supplier relationship with companies that merged with Real Goods Solar.

54. Rather than disclosing SunPower's intention to terminate business relationships with companies that merged with Defendant, Defendant misrepresented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

55. Defendant knew or should have known that this representation was a material fact that affected Plaintiffs' decision to enter into the Merger Agreement.

56. As a result of Defendant's negligent misrepresentation, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Misrepresentation)

57. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

58. Upon information and belief, prior to the execution of the Merger Agreement, Defendant was informed by SunPower Corporation ("SunPower"), a major supplier of solar panels to Regrid and a major source of Regrid's business leads, that it was likely to terminate its supplier relationship with companies that merged with Real Goods Solar.

59. Rather than disclosing SunPower's intention to terminate business relationships with companies that merged with Defendant, Defendant misrepresented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

60. Upon information and belief, Defendant intentionally failed to disclose Sun Power's likelihood to terminate business relationships Regrid and intentionally misrepresented that "there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

61. As a result of Defendant's intentional misrepresentation, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Contract – Representations and Warranties of Buyer)

62. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

63. According to Defendant's Form 10-K Report filed on March 21, 2009, during the fourth quarter of 2008, shortly after the execution of the Merger Agreement, Defendant "recognized a $27.2 million charge for impaired goodwill and other intangibles."

64. Upon information and belief, before Defendant entered into the Merger Agreement, Defendant decided to write-off $27.2 million worth of goodwill and other intangibles that it acquired through the Merger Agreement and other business acquisitions.

65. Defendant knew or should have known that it was planning to write-off $27.2 million worth of goodwill and intangibles at the time the Merger Agreement was executed.

66. Defendant's decision to write-off $27.2 million in goodwill and intangibles resulted in significant adverse effects on Defendant's stock value.

67. In its Representations and Warranties, set forth in the Merger Agreement, Defendant represented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

68. Contrary to this representation, Defendant did not disclose to Plaintiffs that it was planning to write-off $27.2 million in goodwill and intangibles during the 4th quarter of 2008.

69. Due to Defendant's failure to disclose this material fact and breach of its contractual obligations, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF

### (Fraud in the Inducement)

70. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

71. Defendant's decision to write-off $27.2 million in goodwill and intangibles during the 4th quarter of 2008 was a material fact that would have affected Plaintiffs' decision to enter into the Merger Agreement.

72. Rather than disclosing its plans to write-off $27.2 million in goodwill and intangibles during the 4th quarter of 2008, Defendant misrepresented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

73. Upon information and belief, Defendant failed to disclose this material fact and misrepresented that "there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer" to induce Plaintiffs to enter into the Merger Agreement.

74. As a result of Defendant's fraud in the inducement, Plaintiffs entered into the Merger Agreement based on false information and on that basis request rescission of the Merger Agreement.

75. Due to Defendant's fraud in inducement, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## TENTH CLAIM FOR RELIEF

### (Negligent Misrepresentation)

76. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

77. Rather than disclosing its plans to write-off $27.2 million in goodwill and intangibles during the 4th quarter of 2008, Defendant misrepresented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

78. At the time the Merger Agreement was executed, Defendant knew or should have known that this representation was a material fact that affected Plaintiffs' decision to enter into the Merger Agreement.

79. As a result of Defendant's negligent misrepresentation, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF

### (Intentional Misrepresentation)

80. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

81. Rather than disclosing its plans to write-off $27.2 million in goodwill and intangibles during the 4th quarter of 2008, Defendant misrepresented that "except as specifically disclosed in the SEC Reports (i) there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer."

82. Upon information and belief, Defendant intentionally failed to disclose its plan to write-off $27.2 million in goodwill and intangibles during the 4th quarter of 2008 and intentionally misrepresented that "there has been no event, occurrence or development that has had or that could reasonably be expected to result in a Material Adverse Effect on Buyer" in order to complete the merger transaction.

83. As a result of Defendant's intentional misrepresentation, Plaintiffs have suffered damages and continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor and against Defendant as the follows:

1. For rescission of the Agreement and Plan of Merger.

2. For damages in an amount to be determined at trial.

3. For punitive damages resulting from Defendant's intentional tortious acts.

4. Judicial declaration as to Plaintiffs' obligation and rights under the Merger Agreement.

5. All reasonable attorney's fees.

6.   Any further relief in law or in equity as the Court finds just.

Dated:       December 17, 2009

Respectfully Submitted,

s/  Kimberly A. Allegretti
Kimberly A. Allegretti
Wood, Ris & Hames, P.C.
1775 Sherman Street, Suite 1600
Denver, Colorado  80203-4313
Telephone: (303) 863-7700
Fax:  (303) 830-8772
kallegretti@wrhlaw.com