IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02952-REB-KMT

DARLENE J. MCCALMONT and
D. THOMPSON MCCALMONT,
individual residents of California,

    Plaintiffs,

v.

REAL GOODS SOLAR, INC.,
a Colorado corporation,

Defendant

and

REAL GOODS SOLAR, INC.,

    Counterclaimant

v.

D. THOMPSON McCALMONT
and DARLENE J. McCALMONT

    Counterclaim Defendants.
_____

**REVISED STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**
_____

Plaintiffs Darlene J. McCalmont and D. Thompson McCalmont, (collectively "Plaintiffs") and Defendant Real Goods Solar, Inc. ("Defendant") stipulate, pursuant to Federal Rule of Civil Procedure 26(c), to the following Protective Order.

977203.4

1. **Introduction and Scope**

This Protective Order shall govern documents and information exchanged during this action, including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admission, and correspondence between counsel (collectively, "Discovery Material").

2. **Designation of Certain Discovery Material as "CONFIDENTIAL"**

A party may designate Discovery Material as "CONFIDENTIAL" if the party's counsel determines in good faith that such Discovery Material contains non-public, sensitive or confidential information. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "CONFIDENTIAL."

3. **Designation of Certain Discovery Material as "ATTORNEYS' EYES ONLY"**

A party may designate Discovery Material as "ATTORNEYS' EYES ONLY" if the party's counsel determines in good faith that such Discovery Material contains particularly sensitive confidential information that cannot be disclosed without threat of competitive injury, because such Discovery Material contains proprietary or commercially sensitive information. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "ATTORNEYS' EYES ONLY."

4. **Limitations on Access to Discovery Material**

Subject to Paragraphs 5 and 6 of this Order, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material shall not, without prior written consent of the producing party, (a) be disclosed to anyone other than the Court, its officers and its clerical staff and the

Authorized Personnel specified in Paragraphs 5 and 6 hereof; or (b) be used by anyone other than the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation, nor shall anything herein constitute an agreement that such obligations will relieve any party of the obligation to produce Discovery Material.

**5.      Limitations on Access to "CONFIDENTIAL" Discovery Material**

Access to and disclosure of "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Order shall be limited to the Court, its officers and its clerical staff and to the Authorized Personnel. Authorized Personnel are:

(a)     Outside counsel of record for the parties to this lawsuit and outside counsel not of record that become signatories to this Order, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;

(b)     In-house counsel for the parties with responsibility for the oversight of this litigation;

(c)     The parties, employees of the parties and parents of the parties where access is reasonably necessary to conduct or resolve this litigation;

(d)     Technical experts and consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "CONFIDENTIAL" (or "ATTORNEYS' EYES ONLY") Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the party

shall keep the executed Acknowledgement for a one year period following the final termination of this Civil Action. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert of consultant is necessary for the expert or consultant's review of the issues in this Civil Action.

  (e) Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation provided that each vendor execute an Acknowledgement in the form provided in Exhibit A;

  (f) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

  (g) Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the designating party as having been provided with the document or information therein. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

  (h) Third-party mediators selected by the parties;

  (i) Such other persons as hereafter may be designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

**6. Limitation on Access to "ATTORNEYS' EYES ONLY" Discovery Material**

Access to and disclosure of "ATTORNEYS' EYES ONLY" Discovery Material marked and identified in accordance with this Protective Order shall be limited solely to the Court, its officers and its clerical staff and to the Authorized Personnel listed in Paragraph 5, with the

exception that no "ATTORNEYS' EYES ONLY" Discovery Material shall be provided, shown, or made available to the persons identified in Paragraphs 5(b) and 5(c). "ATTORNEYS' EYES ONLY" Discovery Material shall not be provided, shown, made available or communicated in any way to any person or entity other than provided for in this paragraph.

### 7. Designation of Deposition or Other Testimony

Deposition and other testimony may also be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." During the course of a deposition or other testimony which involves "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, counsel for a party or witness producing such information may designate on the record the portion(s) of the deposition or other testimony which counsel believes may contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information. If such designation is made, those portions of the deposition or other testimony involving such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material will be taken with no one present, except those persons who are authorized to have access to such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material in accordance with this Order. For thirty (30) business days after the official transcript is delivered to all counsel, a party may designate in writing other or new portions containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information. During this thirty-day period, if any part of the testimony is designated on the record or in writing as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the entire deposition or other testimony will be deemed to contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information. A party objecting to any such designation of deposition or other

testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall follow the procedure as set forth in paragraph 12 below.

### 8. Party's Own Information

The restrictions on the use of Discovery Material established by this Protective Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. A party is obviously free to do whatever it desires with its own Discovery Material.

### 9. Related Material

The restrictions on the use of Discovery Material established by this Protective Order shall extend to: (i) all copies, extracts and complete or partial summaries prepared from such Discovery Material; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material as provided for by Paragraph 10 hereto and are marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on at least the first page of the writing.

### 10. Procedures for Filing Designated Material

Any party wishing to include, disclose, or attach any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material as part of or with any pleading, motion, brief or other paper filed with the Clerk of this Court, shall move to have the material filed under seal in accordance with the Court's applicable rules, including but not limited to Local Rule 7.2 of the United States District Court for the District of Colorado. Copies of the papers filed under

seal shall be timely served on counsel for the parties. Should the need arise during any pre-trial proceedings before the Court, a party may cause "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" Discovery Material to be disclosed only after appropriate safeguards are adopted to reasonably preserve the confidentiality of the Discovery material. If the parties cannot agree on such safeguards, the party proposing the disclosure may move for an appropriate court order.

### 11. Use of Discovery Material at Hearing or Trial

At any hearing or trial relating to this proceeding, subject to the rules of evidence and any Order of the Court, a party may use any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material for any purpose. In the event that any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "CONFIDENTIAL" or "ATTORNEYS EYES' ONLY" Discovery Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

### 12. Challenge to Designation

(a) <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, foreseeable avoidable burdens, or a later-occurring foreseeable significant disruption or delay of the

litigation, a Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>.  A Challenging Party may make a challenge only in good faith and must confer in good faith with the Designating Party.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the designated material, to consider the circumstances, and, if no change in the designation is offered, to explain the basis for the chosen designation.

(c) <u>Judicial Intervention</u>.  If the parties are unable to agree as to whether a confidentiality designation is appropriate, the Receiving Party may certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Material.  The certification must specifically identify each portion of Protected Material whose confidentiality designation is challenged.  Thereafter, the Designating Party may file a motion within ten (10) days after the certification is filed to seek a protective order with respect to the Protected Material.  The Designating Party will have the burden of persuasion in any challenge.  If such a motion is filed, all parties must continue to treat the material in question with the level of protection for which it was designated before the court makes a ruling.  If the Designating Party does not timely file a motion for protective order, then the material in question shall no longer be subject to protection as provided in this Order.

### 13.    Other Protections

(a)    This Protective Order shall not preclude any party from seeking additional protection with respect to the confidentiality of Discovery Material as that party deems

appropriate. Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Discovery Materials otherwise prohibited by this Protective Order;

  (b)  Nothing herein shall prevent the parties from mutually agreeing in writing to the use or disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material other than as permitted by this Order;

  (c)  If the Court orders that access to or dissemination of any type of Discovery Material shall be had by or made to persons not included in Paragraph 5 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and the obligations arising from, this Order, and such persons shall sign an Acknowledgment as provided for in Exhibit A of this Order, and in all other respects shall be considered subject to it; and

  (d)  If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material to seek the assistance of any person other than those specified in Paragraph 5 above, the following procedures shall be employed:

    (1) Counsel for the receiving party shall notify, in writing, counsel for the producing party of the desire to disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material and shall identify the person(s) to whom counsel intends to make such disclosure;

    (2) If no objection to such disclosure is made by counsel for the producing party within five (5) business days of such notification, counsel for the

receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Acknowledgment in the form set forth in Exhibit A whereby such persons agree to comply with and be bound by this Stipulated Protective Order;

(3) If the producing party objects to such disclosure, no disclosure shall be made at that time. However, any party may bring before the Court the question of whether the particular "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material can be disclosed to the designated person(s) and the party making the designation shall have the burden of establishing before the Court the necessity for such designation.

### 14. Inadvertent Disclosure

(a) If, through inadvertence, a producing party provides any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material in this litigation without marking the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the producing party may subsequently inform the receiving party in writing of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the disclosed information, and producing a replacement copy of the Discovery Material with corrected legends. In that event, the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof under the

corrected designation. A party objecting to any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall follow the procedures set forth in Paragraph 12 above. Prior disclosure of material later designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a violation of this Order.

(b)     If "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

(c)     If a disclosing party through inadvertence produces or provides Discovery Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, Federal Rule of Evidence 502 shall apply.

**15.     Materials Not "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"**

Notwithstanding the designation and protection of any materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, such Discovery Material shall not be deemed confidential and shall not be subject to this Order, if the content and/or substance thereof:

(a)     is, at the time of disclosure, publicly known by publication or otherwise and is not otherwise protected from disclosure as a result;

(b) becomes at any time, through no act or failure to act on the party of the recipient party, publicly known by publication or otherwise;

(c) is already in the possession of a party at the time of disclosure by the other party and was acquired other than directly or indirectly from the disclosing party under conditions requiring the confidential treatment of the material; or

(d) is made available to a party by a third-party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

### 16. Return of Discovery Material

After this case is completed, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have thirty (30) calendar days to notify the other party in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the party, person, or firm in possession. Any documents, copies, extracts or summaries that constitute attorney work product may be retained by counsel or destroyed. The return or destruction of these materials shall occur within thirty (30) days after this written notice is received. The party returning or destroying materials under this paragraph shall provide a written certificate to the producing party attesting to the return or destruction of all designated materials.

### 17. Waiver or Termination

The provisions of this Protective Order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court. This Order shall survive the

final termination of this proceeding with respect to any retained "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material. Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this lawsuit.

## 18. Notice

All notices required by this Protective Order are to be served via e-mail to the outside counsel for the parties. The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the date indicating that the email was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this Order.

## 19. Other Proceedings

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who receives a written request, subpoena, or court order seeking disclosure of another party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, such person shall promptly (no more than five (5) business days after receipt) notify counsel for the producing party of the request, subpoena, or court order and shall provide a copy of the same. No party receiving such process will have an obligation to resist or attempt to quash such process. Such party may produce the material responsive to such process if it believes in good faith that the process so requires. Such party may produce the material responsive to such process if it

believes in good faith that the process so requires and if the after ten (10) business days the producing party has not moved for a protective order in the other case. If the producing party has filed for a protective order or other motion of pleading to prevent the disclosure of the Discovery Material, then the receiving party shall not produce the Discovery Material unless the producing party provides its consent or the court orders such production.

Dated this 3rd day of August, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

# EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE STIPULATION AND ORDER REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I have received a copy of the Stipulated Protective Order Governing Confidentiality that was entered into by the parties in connection with *Darlene J. McCalmont and D. Thompson McCalmont v. Real Goods Solar, Inc.*, Civil Action No. 1:09-cv-02952-REB-KMT (United States District Court for the District of Colorado), and I hereby agree to be bound by its terms and conditions. I recognize that during my participation in the handling and development of this case I may have occasion to read or hear of Discovery Material that is designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." I agree to use any such Discovery Material solely in connection with my participation in this case and for no other purpose, and state that I am not a business competitor of any of the parties. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of enforcing said Stipulated Protective Order Governing Confidentiality, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

I am employed by _____ and my title is _____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, _____, at _____.